Eva C. Johnson *vs.* A. F. Jacobs and another.

December 9, 1889.

**Offer to Sell.**—Evidence *held* insufficient to sustain the verdict.

Action brought in the district court for Murray county, to recover
$100 damages for the taking and conversion of a harvester and self-
binder.    Defendant Jacobs answered, alleging that he took the prop-
erty as sheriff, and by virtue of a writ of attachment against one R.
Johnson, the owner.    At the trial, before *Perkins*, J., the plaintiff,
to prove her title, testified that she bought the harvester from R.
Johnson (her husband) the day before the attachment.    On cross-
examination she stated that at the time of the purchase her hus-

band was about going away (he has not since returned) and she asked him "what he was going to do with the binder," and he told her she could have it if she would pay his outstanding note given for part of the price,—that she could buy it if she liked. There was no other evidence of a sale, nor any evidence that plaintiff had paid her husband's note. She testified, however, that she proposed to the agent of the holder of the note that if he would let her have the machine for $75 and give her the note, she would buy; that he said it was all right, but that he had no blanks for a new note, and so, at his request, she signed her husband's note, which the agent then had with him. The plaintiff had a verdict of $102, and the defendant appeals from an order refusing a new trial.

*Wilson Borst,* for appellants.

*H. C. Grass,* for respondent.

GILFILLAN, C. J.   The verdict in this case must be set aside. The property for converting which the action is brought belonged, not to plaintiff, but to her husband, against whom the writ of attachment levied by defendant Jacobs ran, unless he (the husband) sold it to the plaintiff. All that passed between them in relation to such sale amounted at most to an offer to sell, (which we may take to have been a continuing offer,) on condition that she pay a note which the husband seems to have given for part of the purchase price. She did not at the time accept the offer; nor did she subsequently pay the note, nor in any way discharge it, nor relieve the husband from liability upon it. That liability still continues. That she added her name to the note, even though she thereby became liable upon it, would not be doing what the offer required.

Order reversed.